# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WHIPSTOCK NATURAL GAS　　　　　)
SERVICES, LLC,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　) 　02: 08cv1084
　　　　　　　　　　　　　　　　　)
TRANS ENERGY, INC.,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　)

## MEMORANDUM OPINION AND ORDER

Presently before he Court is the MOTION TO DISMISS FOR IMPROPER VENUE, with brief in support filed by Defendant, Trans Energy, Inc. (*Document Nos. 4 and 5*), the MEMORANDUM IN OPPOSITION filed by Plaintiff, Whipstock Natural Gas Services, LLC (*Document No. 7*), and the RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION filed by Defendant, Trans Energy, Inc. (*Document No. 8*). For the reasons that follow, the Motion will be granted in part and denied in part and, in the interest of justice, this case will be transferred to the United States District Court for the Northern District of West Virginia, pursuant to 28 U.S.C. § 1406(a).

### Procedural Background

On August 1, 2008, Plaintiff, Whipstock Natural Gas Services, LLC, filed a two-count Complaint against Defendant, Trans Energy, Inc., in which it alleges breach of contract (Count I) and unjust enrichment (Count II).

Defendant has brought the instant motion in which it contends that venue in the Western District of Pennsylvania is improper because (i) Defendant's principal place of business is in West Virginia; (ii) no event or omission giving rise to Plaintiff's claim occurred

in Pennsylvania; and (iii) Defendant is not subject to personal jurisdiction in Pennsylvania. In the alternative, Defendant requests that this lawsuit be transferred to the United States District Court for the Northern District of West Virginia.

**Factual Background**

As the law requires, all disputed facts and inferences are resolved most favorable to Plaintiff. The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this opinion.

Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Clymer, Pennsylvania, which is located within the Western District of Pennsylvania. Plaintiff is involved in drilling natural gas wells in various locations in the Commonwealth of Pennsylvania, as well as in the states of Ohio and West Virginia.

Defendant is a corporation organized and existing under the laws of the state of West Virginia, with its principal place of business located in St. Mary's, West Virginia. Defendant has been the owner and/or operator of certain gas and property interests in the state of West Virginia.

On or about October 26, 2007, the parties entered into a written contract, known as a "Daywork Drilling Contract." Pursuant to the terms of the contract, Plaintiff began drilling operations in Wetzel County, West Virginia on or about November 28, 2007, and completed its work on or about December 21, 2007. Throughout the time of the drilling operations, Plaintiff submitted invoices to Defendant which evidenced the amounts due pursuant to the terms of the contract.

On or about May 27, 2008, Defendant made payment to Plaintiff in the amount of $148,450.00, but despite repeated demands, Defendant allegedly has failed and refused to pay the balance due. As of July 28, 2008, the outstanding balance, including interest, allegedly due to Plaintiff is the sum of $146,990.27.

Plaintiff alleges that Defendant has violated the terms of the contract by failing to pay the invoices and has refused to provide information as to any disputed invoices pursuant to paragraph five of the contract.

**Standard of Review**

In considering a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court must generally accept as true the allegations in the complaint, unless contradicted by defendant's affidavits. *Holiday v. Bally's Park Place, Inc.*, 2007 WL 2600877, at *1 (E.D. Pa. Sept. 10, 2007). "The court may examine facts outside the complaint to determine proper venue, but must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor." *Fellner v. Philadelphia Toboggan Coasters, Inc.*, 2005 WL 2660351, at *1 (E.D. Pa. Oct.18, 2005); *accord Heft v. AAI Corp.*, 355 F. Supp.2d 757, 762 (M.D. Pa.2005) ("Whatever the nature of the parties' submissions, the court is bound to view the facts in the light most favorable to the plaintiff.").

The United States Court of Appeals for the Third Circuit has held that the movant (the defendant) bears the burden of demonstrating that venue is not proper. *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). The defendant also bears the burden of establishing that a venue transfer is warranted. Furthermore, "in ruling on defendant's [transfer]

motion the plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995).

Questions of venue are governed by either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. *See Jumara*, 55 F.3d at 878. The standards for transfer of an action differ depending on whether venue has been properly laid. Section 1404(a) provides that transfer to another proper venue is appropriate "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.*

Unlike § 1404(a), section 1406, provides for either transfer or dismissal of an action where the original venue is improper. Specifically, § 1406 states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* The burden of establishing the need for transfer under either § 1404(a) or § 1406 rests with the moving party. *See In re United States*, 273 F.3d 380, 388 (3d Cir. 2001).

In the matter before the Court, Defendant has requested, in the alternative, to transfer the case to the United States District Court for the Northern District of West Virginia pursuant to § 1406(a).

## Discussion

1.  **Venue**

In a civil action in which jurisdiction is based solely on diversity of citizenship, such as the present case, venue is governed by 28 U.S.C. § 1391(a), which provides that venue may be proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Section 1391(a)(1) is not applicable since there is no claim that Defendant is a resident of the Western District of Pennsylvania. Section 1391(a)(3) also does not apply, as this case could have been brought in the Northern District of West Virginia.[1] Venue in this district can, therefore, only be established by operation of § 1391(a)(2). Therefore, the Court must determine whether "a substantial part of the events or omissions giving rise" to Plaintiff's claim occurred in the Western District of Pennsylvania.

To determine whether "events or omissions giving rise to the claim" are substantial, it is first necessary to look to the nature of the dispute. *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). While not all substantial events or omissions are triggering events, events that trigger a dispute are substantial. *See Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 43 (1st Cir. 2001). Once the substantiality of the events or omissions has been established, it is necessary to determine if a substantial part of those events occurred in the forum at issue. *Cottman*, 36 F.3d at 294-296.

The instant lawsuit sounds primarily in contract. In determining proper venue for a contractual dispute, the primary factors to be considered are "where the contract was to be

---

[1] Plaintiff concedes that West Virginia would be a proper venue in addition to the Western District of Pennsylvania as venue may be proper in multiple jurisdictions. See Pl's Memo. in Opp'n, at 3.

negotiated or executed, where the contract was to be performed, and where the alleged breach occurred." *See Cottman*, 36 F.3d at 295. Plaintiff argues that all three factors support its position that venue is proper in the Western District of Pennsylvania.

Plaintiff contends that venue is proper in the Western District of Pennsylvania because (i) the contract between the parties contains a "forum selection clause," (ii) that the events giving rise to the Plaintiff's claim occurred in Pennsylvania; (iii) that the contract was to be negotiated or executed in Pennsylvania; and (iv) that the contract was to be performed in Pennsylvania.

On the other hand, Defendant contends that venue is not proper because the contract between the parties does not contain a forum selection clause, but rather contains a choice of law provision which does not in itself vest this Court with personal jurisdiction; and that no substantial event or omission which gives rise to this litigation occurred in the Western District of Pennsylvania. The Court agrees.

a. <u>Forum Selection Clause or Choice of Law Clause</u>

Paragraph 18 of the parties' contract provides as follows:

GOVERNING LAW:
This Contract shall be construed, governed, interpreted, enforced and litigated, and the relations between the parties determined in accordance with the laws of Pennsylvania.

Complaint, Exh. A, Contract, Paragraph 18.

Plaintiff characterizes this clause as a "forum selection clause" and argues that the "language unambiguously indicates that not only is Pennsylvania law to apply, but any disputes arising from said contract are to be enforced and litigated in Pennsylvania as well."

Defendant responds that this is not a forum selection clause, but rather is a choice of law provision that does not establish venue or personal jurisdiction with this Court.

It is not surprising that Plaintiff would prefer this clause to be interpreted as a forum selection clause because same are deemed presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes that: (i) it is the result of fraud or overreaching; (ii) enforcement would violate a strong public policy of the forum; or (iii) enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. *See Jumara, v. State Farm Ins. Co.,* 55 F.3d 873, 880 (3d Cir. 1995).

However, the Court finds that Paragraph 18 is not a forum selection clause, but rather a standard choice of law provision. Paragraph 18 clearly begins with the words "GOVERNING LAW." No where in Paragraph 18 is it stated that the parties must litigate in the Commonwealth of Pennsylvania nor does the Paragraph even identify a particular forum where any lawsuit must be filed. Rather, the paragraph unambiguously states that the contract shall be "construed, interpreted, enforced and litigated, and the relations between the parties determined *in accordance with the laws of Pennsylvania*." (emphasis added).

b. Where Was The Contract To Be Negotiated or Executed

Plaintiff argues that it negotiated, prepared and executed the contract via telephone and email in Pennsylvania. Specifically, Plaintiff contends that Defendant contacted it at Plaintiff's principal place of business in Clymer, Pennsylvania; that Defendant sent email correspondence to Plaintiff's place of business providing information for inclusion in the

contract, that Plaintiff drafted the contract in Pennsylvania, that Plaintiff was instructed by Defendant to execute the contract in Pennsylvania; and that Plaintiff attempted to email it back to Defendant from Pennsylvania.

Defendant represents that it executed the contract in St. Mary's, West Virginia. In a case where signatures occur in two different locations, the "place of the contracting" is where the "last act to bring the agreement into legal effect" was performed. *Frankel v. Johns-Manville Corp.*, 257 F.2d 508, 510 (3d Cir. 1958). Explained another way, execution was not complete and the contract was not in effect until Defendant signed the document and, therefore, the place of contracting was in West Virginia, not Pennsylvania.

c.  Where Was The Contract To Be Performed

Pursuant to the terms of the "Daywork Drilling Contract," Plaintiff began drilling operations in Wetzel County, West Virginia, on November 28, 2007, and completed its work there on or about December 21, 2007. *See* Complaint, at ¶ ¶ 8, 10. It is not disputed that performance of the contract by Plaintiff occurred in Wetzel County, West Virginia.

d.  Where Did the Alleged Breach Occur

Plaintiff argues that while its performance of the contract occurred in Wetzel County, West Virginia, "Defendant's performance, payment for Plaintiff's services, was to occur at Plaintiff's place of business in Pennsylvania in that Plaintiff was to receive payment there. . . . Such payments never reached Plaintiff; therefore the Western District of Pennsylvania was not only the site for Defendant's performance, but for the breach as well. As a result, venue is

proper in the Western District of Pennsylvania because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in that judicial district." Pl's Opp'n at 4.

The Court cannot agree. As Defendant points out, Plaintiff's argument has been rejected by the United States Court of Appeals for the Third Circuit. In *Cottman*, our appellate court held that the "omission" or failure to remit payment occurs where the payor is located, even though the result of the omission (i.e., non-receipt of payment) occurs in Pennsylvania. Accordingly, the Court finds that the alleged breach (failure to remit) occurred in West Virginia.

In sum, the Court finds and rules that the triggering events for the current dispute occurred in West Virginia.

2. **Dismissal or Transfer**

Because the Court has ruled that a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in this district, venue cannot lie. The Court must therefore either dismiss the case or, in the interest of justice, transfer the case to a district "in which it could have been brought." 28 U.S.C. § 1406(a).

The Court finds that Plaintiff brought this action in good faith and should not suffer the hardship or expense of a dismissal. As previously explained, this case could have been brought in the Northern District of West Virginia, and Plaintiff agrees that the Northern District of West Virginia is a proper forum.

The Court notes that 28 U.S.C. § 1406(a) allows such transfer even in the absence of personal jurisdiction over defendant; thus, the Court need not decide the issue of personal jurisdiction raised by Defendant. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 465-66 (1962).

## Conclusion

For the aforementioned reasons, the Court finds that transfer of this case to the United States District Court for the Northern District of West Virginia to be in the interest of justice. The Defendant's motion to dismiss will be denied.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WHIPSTOCK NATURAL GAS SERVICES, LLC, ) ) ) Plaintiff, ) ) v. ) ) TRANS ENERGY, INC., ) ) Defendant. ) | 02: 08cv1084 |

## ORDER OF COURT

AND NOW, this 17th day of September, 2008, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED** that the above-captioned action is **TRANSFERRED FORTHWITH** to the United States District Court for the Northern District of West Virginia pursuant to 18 U.S.C. § 1406(a); and that Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Samuel H. Clark, Esquire
Holsinger, Clark & Armstrong, P.C.
Email: shc@hca-law.com

Melanie M. Jones, Esquire
Dinsmore & Shohl
Email: melanie.jones@dinslaw.com